(31 Misc. Rep. 388.)

### D'AUXY v. STAR CO.

(Supreme Court, Trial Term, Kings County.  May, 1900.)

1. LIBEL—CONTENTS OF AFFIDAVIT — REPORT OF JUDICIAL PROCEEDINGS—AC-
CURATE REPORT.
    Where libel against a newspaper was predicated on a condensed state-
ment of contents of affidavits read in evidence in an action for alimony
and counsel fees, and only the affidavits from which such statements were
taken were introduced in evidence, no recovery could be had, since Code
Civ. Proc. § 1907, provides that no action can be maintained for a publica-
tion in a newspaper of a fair and true report of any judicial proceeding
without proving actual malice in making the report, and a substantially
accurate report is privileged, though the matter be untrue.

2. SAME—QUESTION FOR COURT—TRUTH OF REPORT—MALICE.
    Where libel is predicated of a condensed statement by a newspaper of
contents of affidavits read in a judicial proceeding, and no evidence is in-
troduced except the affidavits from which such statements were taken, the
truth of the report is a question for the court in the first instance, since,
if true, it is privileged by Code Civ. Proc. § 1907.

3. SAME—CONSTRUCTION OF FAIRNESS—QUESTION FOR JURY.
    Where libel is predicated on statements in a newspaper of contents of
affidavits read in a judicial proceeding, and the question of the fairness
of the report is capable of different conclusions, whether such report is
privileged as a publication of a fair and true report, without malice, of a
judicial proceeding, as permitted by Code Civ. Proc. § 1907, becomes a
question for the jury.

4. SAME—COMMENTS OF COUNSEL—AFFIRMATION OF REPORT—LIBEL PER SE.
    Libel was predicated on a newspaper report of statements of contents of
affidavits read in evidence in a judicial proceeding, and comments of coun-
sel on such affidavits, as follows: " 'How absurd these servants' state-
ments are,' exclaimed the counsel for Madame la Duchesse." " 'How
marked by the stamp of verisimilitude,' said the counsel of M. le Duc,
sententiously." There was evidence that no comments were made by
counsel in court. *Held*, that the report of such comments was an affirma-
tion of the truth of such statements, and, in the absence of such comments,
was libelous per se.

5. SAME—DESTROYING PRIVILEGE.
    Where a newspaper published a statement of contents of affidavits read
in evidence in a judicial proceeding, and comments of counsel thereon,
which amounted to an affirmation of the truth of such statements, and
there was evidence that no comments were made by counsel in court,
such report of comments was not covered by the privilege of Code Civ.
Proc. § 1907, permitting publication of a true report of any judicial pro-
ceeding, and was evidence of malice.

Action by Charlotte A. L. d'Auxy against the Star Company. Com-
plaint was dismissed. Motion for new trial granted.

Action for damages for libel. The words alleged are as follows: "Madame
la Duchesse d'Auxy sued her husband in the supreme court yesterday for ali-
mony and counsel fees. The counsel fees are to be used in another suit for
absolute divorce against him. They were separated in February, 1897, legally,
because he had deserted her. Justice Osborne granted to her the custody of
her daughter, Genevieve Felicite Rose Marie Ange, Comtesse d'Auxy, then nine
years of age. A servant named Jennie Vallon said that when she was in the
house of Monsieur le Duc, in 1896, Madame la Duchesse taught her daughter
to call monsieur a pig. The servant said: 'Madame la Duchesse told me that
she wanted a divorce from Monsieur le Duc in order that she might marry a
former president of the United States who courted her before her marriage to
Monsieur le Duc.' Joanna Luxem, a governess who served in M. le Duc's
chateau de Neufrille, in Belgium, said: 'I came to this country with M. le
Duc and Mme. la Duchesse and lived at their home at No. 1031 Fifth avenue.

The Count Edgar d'Auxy, brother of M. le Duc, came to see them in 1890. He fell ill and died in October of that year. He had said to me: "My sister-in-law has poisoned me; she will kill me some day." ' 'How absurd these servants' statements are,' exclaimed the counsel of Mme. la Duchesse. 'How marked by the stamp of verisimilitude,' said the counsel of M. le Duc, sententiously." This is only an extract from a news article in the defendant's newspaper. The complaint was dismissed on the evidence on the ground that the article was a fair and true report of a judicial proceeding, published without actual malice. Motion for a new trial.

Henry Cooper, for plaintiff.
Clarence J. Shearn, for defendant.

GAYNOR, J.  The entire article purports to be a condensed statement of the contents of the affidavits read on a motion by the plaintiff for alimony and counsel fee in an action by her against her husband in the supreme court for a divorce. Only the particular affidavits from which the alleged libelous matter was taken were put in evidence. If it be a substantially accurate report it is privileged, though the matter be untrue. Salisbury v. Advertiser Co., 45 Hun, 120. Section 1907 of our Code of Civil Procedure provides that an action cannot be maintained against a reporter, editor, publisher or proprietor of a newspaper for the publication therein of a "fair and true report" of any judicial proceeding "without proving actual malice in making the report." Where the matter published is a fair and true report, the publication itself of course furnishes no proof of malice, and the case cannot go to the jury without evidence de hors that the report was made from malice. Whether the report be a fair and true one is obviously a question for the court in the first instance. If it be true it is fair. If it be untrue, it is not covered by the privilege at all; and if the question of its fairness be capable of different conclusions, then the question of privilege is for the jury, and depends on whether they find the report fair or unfair. There was no evidence de hors of malice in this case, and the court finding by comparison that the matter complained of was a substantially true summary of the affidavits submitted on the motion for alimony and counsel fee, and put in evidence herein, dismissed the complaint. No mention was made on the argument of the motion to dismiss, of the reported comment of counsel in the article in respect of the statements in the affidavits of servants, including the charge of poisoning against the plaintiff by her brother-in-law, stated in one of the said affidavits, viz.: " 'How absurd these servants' statements are,' exclaimed the counsel for Madame la Duchesse." " 'How marked by the stamp of verisimilitude,' said the counsel of M. le Duc, sententiously." This means how likely or probable, or like the truth, they are. It is an assertion in support of the truth of such statements. There was evidence that no comments were made by counsel in court. If that be true the report is in this respect not true, and the comment is that of the defendant, and libelous per se. It is a holding of the statements up as probably true by the defendant. Such comment being therefore not covered by the defendant's privilege, is not only a ground in itself for the action, but is also evidence on the head of that malice in the making of the entire report which would destroy the privilege in respect of the entire report.

The motion for a new trial is granted.